UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2509 |
| | § | |
| K & K BEST CARE AMBULANCE | § | |
| SERVICES, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

This is an action for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* Plaintiff Beverly Wilson ("Plaintiff" or "Wilson") alleges that from March 15, 2003 until September 23, 2011, she was employed by Defendants K & K Best Care Ambulance Services, Inc. and Roman Kislyuk (collectively, "Defendants" or "Best Care") as a dispatcher. (Original Compl. ¶ 7, Doc. 1). Wilson alleges that during "one or more weeks" of her employment, she worked in excess of forty hours but was not paid overtime. (*Id.* ¶ 8). Defendants move to dismiss Wilson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (Doc. 4). Despite being granted an extension of time, Wilson has not filed a response, and, pursuant to Local Rule 7.4, such failure to respond is taken as a representation of no opposition. Upon review and consideration of the motion, the record in this case, and the applicable law, the Court grants Defendants' motion.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In determining plausibility, courts should

first disregard "formulaic recitation[s] of the elements" of the legal claim as conclusory. *Id.* at 662. Second, the court must assume the truth of all factual allegations and determine whether those factual allegations allege a plausible claim. *See id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)). If the facts fail to "nudge [the] claims across the line from conceivable to plausible, [then the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Section 207 of the FLSA requires employers to pay all nonexempt employees at least one and a half times their regular rate of pay for hours worked in excess of forty per work week.[1] *Rainey v. McWane, Inc.,* 314 Fed. Appx. 693, 694 (5th Cir. 2009), citing 29 U.S.C. § 207(a). In order to plead an FLSA claim for unpaid overtime or minimum wages, a plaintiff must indicate sufficient facts to support (1) that there was engagement in activities within the coverage of the FLSA; (2) that there exists an employer-employee relationship; (3) that the employee worked over forty hours within a workweek without overtime compensation; and (4) a definite amount of compensation is due." *Reyes v. Texas Ezpawn, L.P.*, Civ. A. No. 6:03-CV-128, 2007 WL 3143315, *1 (S.D. Tex. Oct. 24, 2007) (citing *Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 892 (E.D. Tex. 1997)).

---

[1] Section 207(a) does not apply to those "employed in bona fide executive, administrative, or professional capacity." *Rainey,* 314 Fed. Appx. at 694–95, citing 29 U.S.C. § 213(a)(1).

Best Care argues in its Rule 12(b)(6) motion to dismiss that Wilson has not pleaded sufficient facts to state a claim under the FLSA. (Doc. 4). They contend that Wilson has failed to provide specific facts illustrating even the basic the threshold requirement that Wilson was engaged in activities within the coverage of the FLSA. (*Id.*).

"The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted)."[2] Either individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis omitted). Enterprise coverage requires that the enterprise:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sale made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)."

29 U.S.C. § 203(s)(1). To determine whether an individual or entity is "engaged in commerce" within the meaning of the FLSA, the Fifth Circuit applies a practical test of "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007).

With regard to FLSA coverage, Wilson's complaint alleges:

> At all times pertinent to this Complaint, K & K Best Care Ambulance Services, Inc. was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated businesses engaged in

---

[2] "Commerce," under the FLSA, "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). In other words, "commerce" refers to interstate commerce. *Polycarpe v. E & S Landscaping Serv.*, 616 F.3d 1217, 1221 (11th Cir. 2010).

>commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and her work was essential to Defendants' business.

(Doc. 1 ¶ 5).

As stated by Judge Rosenthal in an opinion granting dismissal of an identical complaint, "The allegations of FLSA coverage are conclusory; they merely repeat the statutory elements of coverage, which is an element of the claim. Conclusory allegations that do no more than repeat the elements of the claim are insufficient under Rule 8 of the Federal Rules of Civil Procedure." Wilson pleads no facts specifying how as a dispatcher she was engaged in interstate commerce. After disregarding the formulaic recitations of elements in Plaintiff's complaint, as the Court is required to do, the Court finds that the complaint does not contain sufficient facts to state a plausible claim to relief. Wilson's complaint is nothing more than a recital of elements that provides no factual context whatsoever regarding the basis for her claims.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) ("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.,* 363 F.3d 398, 403 (5th Cir.2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification ... is considered an abuse of discretion. [citations omitted]"). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous

or advances a claim or defense that is legally insufficient on its face ...." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed.1990).

Because Wilson has failed to allege facts that, if taken as true, establish coverage under the FLSA, Best Care's 12(b)(6) motion to dismiss is granted, without prejudice and with leave to amend with facts consistent with this opinion within twenty days of entry of this opinion and order. If Wilson amends, Best Care shall file a timely responsive pleading.

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' motion (Doc. 4) is **GRANTED** and the case **DISMISSED** without prejudice.

SIGNED at Houston, Texas, this 28th day of April, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE